UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

**SHADEE JEAN**

Plaintiff

3:24-CV-511-MMH-LLL

v.

**AO PROPCO LLC 1 and**

**RENU PROPERTY MANAGEMENT LLC**

Defendants,

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SHADEE JEAN as and for her complaint respectfully alleges:

I.    INTRODUCTION

1.     This is an action brought by Plaintiff SHADEE JEAN, to enforce the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §3601, et seq. ("Fair Housing Act" or "Act").

2.     Shadee Jean alleges that Defendants discriminated in the rental of a dwelling because of her disability by refusing to make a reasonable accommodation in rules, policies, practices or services, when such accommodation was necessary to afford her equal opportunity to use and enjoy a dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(2)(A) and (f)(3)(B). Shadee Jean further alleges that Defendants coerced, intimidated, threatened or interfered with

her in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted or protected by 42 U.S.C. § 3604, in violation of 42 U.S.C. § 3617.

## II. JURISDICTION AND VENUE

3.     Jurisdiction of this court arises under 42 U.S.C. § 3604(3)(B) and 42 U.S.C. § 3617 because the complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Venue is proper in that the Defendant transacts business in Jacksonville, Florida and the conduct complained of occurred in Jacksonville, Florida.

## III. PARTIES

4.     Plaintiff SHADEE JEAN is a natural person residing in Jacksonville, Duval County, Florida

5.     Plaintiff is an individual with a disability as defined by American Disability Act.

6.     4. AO Propco LLC 1 is a "debt collector" as defined by the FDCPA, U.S.C. §1692a(6).

7.      Upon information and belief, AO Propco LLC 1 has a principal place of business that is located at 199 LAFAYETTE STREET 7TH FLOOR NEW YORK, NY 10012 and is authorized to do business in the State of Florida, and the conduct complained of occurred in Jacksonville, Florida.

 Defendant AO Propco LLC 1 is engaged in the collection of debt from consumers using the mails and telephone.

8.     Defendant regularly attempts to collect consumers' debts alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt as that term is defined by 15 U.S.C. §1692a(5).

9.      Renu Property Management LLC is the management company hired by AO Propco LLC0

## IV. FACTS OF THE COMPLAINT

10.     Ms. Jean is an "aggrieved person" as defined in 42 U.S.C. § 3602(i).

11.     Ms. Jean has has physical and mental health disabilities within the meaning of 42 U.S.C § 3602(h) that substantially limit one or more of her major life activities. She has sought and receives professional treatment for her disabilities.

12.     Plaintiff viewed property on January 22nd, 2024, noticing a used roll of toilet paper in the guest bathroom. Speaking with the defendant verbally on January 23rd, 2024, Plaintiff was advised of recent maintenance completion. The lease was signed following confirmation of secure and vacant premises on January 23rd, 2024 in **Exhibit A**. Plaintiff moved personal property on February 3rd, 2024. On February 7th, 2024, there was a burglary resulting in extensive property and personal damages as shown in **Exhibit B.** On February 8th, 2024, around 11:30 am, there was a vandalism to the property presented in **Exhibit C** with the Plaintiff inside the property. Suspects were teenagers frequently entering the property. Defendant was aware of squatters as it is a known citywide issue according to Sargent Williams of Jacksonville Sherriff Office. The burglary and vandalism were a direct result. Defendant accepted responsibility of negligence by paying for all property damages verbally communicated by Elaine Pugh on April 8th, 2024. This contains all elements of fraud inducement.

13.     Defendant was notified via text message and phone on March 14, 2024, of search for rental assistance due to increased expenses along with decreased income ranging from panic PTSD of seeing the boulder coming where I sleep and fence security enhancements as shown in

**Exhibit D**. Defendant failed to grant a reasonable accommodation to wait 30 days for rental assistance to be approved covering 3 months' rent verbally communicated by Elaine Pugh on April 8th, 2024 and Ms. Oliver on April 17, 2024. This is a direct violation pursuant to 42 USC § 3604 (3) (B) Under the Fair Housing Act a reasonable accommodation is a change, exception, or adjustment to a rule, policy, practice, or service. The Fair Housing Act makes it unlawful to refuse to make reasonable accommodations to rules, policies, practices, or services when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling and public and common use areas.

14.    Defendant failed to complete timely maintenance for damages. Additional requests were entered and fully completed on April 21st, 2024, as shown by **Exhibit E.** This is in direct violation of Fair Housing Act.

15.    On April 30th, 2024, at 9:02am and May 14, 2024, at 8:42am Defendant entered the premises without notice breaching Section 2.2 Lessee's Right to Privacy. Per lease, lessor will notify the lessee up to 24 hours prior to entering home. Police report was written as attached to **Exhibit F.** Any time the property doors are opened, the security system will send an email. If the alarm has been discharged, an additional text message and phone call alerts to emergency contact as attached in **Exhibit G.** Phone call to Defendant on April 30th, 2024 regarding the person entering has not been returned. A follow up call was placed on May 14th, 2024 with no response. Under the Fair Housing Act pursuant to 42 USC 3617, the FHA prohibits landlords from engaging in discriminatory housing practices, including harassment or intimidation of tenants. The continual nature of Defendant's violations and its persistence in attempting to collect the alleged debt post Plaintiff's clear communication regarding willingness to pay strongly suggests a willful disregard for the Fair Housing Act rather than a bona fide error.

FAIR HOUSING ACT VIOLATIONS

COUNT 1

16. Plaintiff re-alleges and incorporates by reference paragraphs 1-14 above.

17. Defendant violated 15 U.S.C. § 3604(3)(B) by refusing to make reasonable accommodations to accept rent.

COUNT 2

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-14 above.

19. 16. Defendants violated 42 U.S.C. § 3617 by coercing, intimidating, threatening, or interfering with Ms. Jean in her exercise or enjoyment of rights granted or protected 42 U.S.C. §§ 3603-3606.

20. Plaintiff has suffered actual damages, including out-of-pocket expenses, inconvenience, and emotional distress. She also experienced loss of sleep, nightmares, weight loss, and headaches as a result of Defendants' discriminatory actions.

21. Defendants' discriminatory actions were intentional, willful, and taken into disregard of the rights of Plaintiff.

REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1. Declare that Defendants' discriminatory housing practices as set forth above violate the Fair Housing Act;

2. Enjoin and restrain Defendants, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with Defendants, from:

A. Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2)(A);

B. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

C. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 36 17.

3. Order Defendants to take such affirmative steps as may be necessary to restore, as nearly as practicable, Shadee Jean to the position she would have been in but for the discriminatory conduct;

4. Order Defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of disability.

5. Award monetary damages to Shadee Jean pursuant to 42 U.S.C. §§ 3612(0)(3) and 3613(c)(l); and

6. Order such additional relief as the interests of justice require.

Respectfully submitted,

Date: May 20th, 2024

SHADEE JEAN

1993 Franklin St

Jacksonville, FL 32206

Shadee.jean@gmail.com

9046468478